UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD RATHBONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-3064 |
| | ) | |
| SANGAMON COUNTY JAIL, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### **MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and presently incarcerated at Graham Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment conditions-of-confinement claim related to his incarceration at the Sangamon County Jail. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff's Complaint contains little factual information regarding the circumstances surrounding the alleged outbreak of "scabbies," presumably an infectious skin disease, at the Sangamon County Jail. Plaintiff could state a claim under the Eighth Amendment if prison officials knowingly exposed inmates to an infectious disease. *See Rushing v. Gerst*, No. CIV. 10-507-JPG, 2011 WL 721519, at *2 (S.D. Ill. Feb. 23, 2011) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Plaintiff has failed to allege any specific facts upon which the Court could make, or infer, such a finding. Therefore, because a claim is possible upon presentation of more

detailed allegations, Plaintiff is granted 28 days from the date of this Order to file an amended complaint alleging specific facts regarding the circumstances of the alleged outbreak. If Plaintiff chooses to amend, he should include facts including, but not limited to, the following: (1) how prison officials knew that inmates were infected with the disease; (2) what steps prison officials took, if any, to solve the problem; and, (3) medical care that Plaintiff received related to the outbreak.

As a final matter, the Court notes that Plaintiff has not named a proper defendant in this matter. A jail, or a division within the jail, is not a "person" for purposes of liability under Section 1983. *E.g. Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant cause or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, if Plaintiff chooses to file an amended complaint, the Plaintiff should identify, or attempt to describe if possible, the individuals at Sangamon County Jail involved in the alleged constitutional deprivation to the best of his ability.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a conditions-of-confinement claim to survive merit review under §1915A. Plaintiff is granted leave to amend his complaint to include additional facts, if any exist, regarding the alleged outbreak at the Sangamon County Jail within 28 days of entry of this Order.

IT IS THEREFORE ORDERED that:

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 28 days from the entry of this order to file an amended complaint on the issue of the Eighth Amendment conditions-of-confinement claim related to the outbreak of infectious disease. All other claims are dismissed. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Plaintiff's Motion to Amend Complaint [7] is DENIED. Plaintiff did not include a proposed amended complaint and sought only to inform the Court of the name of the medical contractor at Sangamon County Jail. As stated above, piecemeal amendments are not accepted.

ENTERED this 24th day of April, 2015.

_____s/Joe B. McDade_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE